Josephine Linker Hart, Justice, dissenting. | ^Richard G. Gawenis argues that he is entitled to a jury trial under the Arkansas Constitution. The majority, however, declines to address the issue. Because Gaw-enis is correct, I respectfully dissent. . The Arkansas Constitution provides as follows: No property, nor right of way, shall be appropriated to the use of any corporation, until full compensation therefor shall be first made to the owner, in money; or first secured to him by a deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation, shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law. : Ark. Const, art. XII, § 9. The Commission approved SEECO’s application to integrate all unleased and uncommitted mineral interests. There is no jury trial at the Arkansas Oil & Gas Commission. Thus, if the. integration process' appropriates Gawenis’s property, then the whole integration system is unconstitutional. Though the majority does not address the issue, it concludes that the forced-integration provisions of the Arkansas Conservation Act do not take anything away from Gawenis. because the integration order allowed Gawenis to lease his interest in the drilling unit in exchange for compensation or to participate in the drilling of the well and receive monetary benefits. The integration order, however, does not account for secondary recovery methods that SEE CO will utilize to cause the gas to migrate to SEECO’s well. Minerals are fugacious when there is escape, seepage, or drainage that occurs as a result of the tapping a common reservoir; in the Fay-etteville Shale, however, the ..gas is primarily nonfugacious, thus owing to the need lufor secondary recovery methods. See Young v. Ethyl Corp., 521 F.2d 771, 774 (8th Cir.1975) (discussing fugacious and nonfugacious brine). In Jameson v. Ethyl Corporation, 271 Ark. 621, 609 S.W.2d 346 (1980), this court stated that the law should not “permit those persons who are in an economically advantaged posture to be able to gain negotiating clout by being allowed to undertake, with impunity, processes that go beyond extracting transient minerals or [gases] which have drained or flowed by natural process to their drilling sites.” Id. at 626, 609 S.W.2d at 350: The Jameson court cited Osborn v. Arkansas Territorial Oil & Gas Company, 103 Ark. 175, 146 S.W. 122 (1912), where this court adopted the rule of capture, noting that petroleum, gas, and oil belong to-the owner of the land and are part of it so long as they are part of it or in it or subject to his control, but when they escape and go into other land or come under another’s control, the title of the former owner is gone. The Jameson court, however, noted that Osborn did not involve a secondary recovery process. The Jameson court recognized the obligation of the extracting party to compensate the owner for any special damages that may have been caused to the property. Similarly, Gawenis is entitled to compensation for any special damages that may be caused to his property by secondary recovery methods, such as fracking. See O’Brien v. Primm, 243 Ark. 186, 419 S.W.2d 323 (1967) (concluding that defendants were negligent in conducting the sand-fract operation and that such negligence was a proximate cause of damage to a water, well); Young, 521 F.2d at 775 (concluding that a landowner had a vested existing property right in the brominated salt water underlying his land, and that a party’s act of forcibly removing the solution by means of injection and production wells constituted an actionable trespass). Thus, SEECO has ^appropriated Gawen-is’s property, and Gawenis is entitled to a jury trial to determine his full compensation. Thus, I respectfully dissent.